J-S23020-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERNEST JAMAL NELSON | : | |
| | : | |
| Appellant | : | No. 1142 WDA 2018 |

Appeal from the PCRA Order Entered July 16, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003618-2000

BEFORE: BENDER, P.J.E., NICHOLS, J., and COLINS, J.*

MEMORANDUM BY NICHOLS, J.: FILED AUGUST 09, 2019

Appellant Ernest Jamal Nelson appeals from the order denying his third

petition filed under the Post Conviction Relief Act[1] (PCRA). Appellant's counsel

has filed a petition to withdraw and an Anders/Santiago[2] brief. For the

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Counsel filed a brief and petition withdraw pursuant to Anders v. California, 386 U.S. 738 (1967) and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009). Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a Turner/Finley "no-merit letter" is the appropriate filing. See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). However, "[b]ecause an Anders brief provides greater protection to a defendant, this Court may accept an Anders brief in lieu of a Turner/Finley letter." Commonwealth v. Widgins, 29 A.3d 816, 817 n. 2 (Pa. Super. 2011). For the reasons stated below, we decline to consider whether counsel's petition to withdraw and Anders brief substantially comply with the requirements of Turner/Finley.

reasons that follow, we remand for further proceedings consistent with this memorandum.

We previously summarized the facts of this matter in Commonwealth v. Nelson, 1220 WDA 2016 (Pa. Super. filed July 7, 2017) (unpublished mem.). Briefly, Appellant was charged with voluntary manslaughter and related offenses for his involvement in an April 1999 shooting. On October 25, 2000, following a jury trial, Appellant was sentenced to thirty-two to seventy years' incarceration. On direct appeal, this Court affirmed Appellant's judgment of sentence and the Pennsylvania Supreme Court denied review. Thereafter,

> [o]n August 23, 2003, [Appellant] filed his first, counseled PCRA petition. That petition was denied on March 4, 2004, and after this Court affirmed on appeal, our Supreme Court denied [Appellant]'s subsequent petition for allowance of appeal.
>
> On February 9, 2011, [Appellant] filed a second pro se PCRA petition alleging the existence of newly-discovered exculpatory evidence. The PCRA court appointed counsel, who filed an amended PCRA petition on July 14, 2011. The PCRA court held a hearing on October 25, 2011, where [Appellant] and a witness, Alvin [Nix], testified that [Nix's] deceased brother, Damion [Nix], was responsible for the shooting for which Appellant had been convicted. The PCRA court, determining that their testimony was not credible, denied the petition on November 3, 2011.
>
> Appellant filed a timely appeal from the denial of this second PCRA petition, and this Court affirmed, concluding that the PCRA court's credibility determinations were supported by the record, and that [Appellant] "failed to provide newly-discovered evidence because, even if admissible, [Alvin] Nix's testimony would not 'likely compel a different verdict.'" Notably, neither the PCRA court, nor this Court, conducted any assessment of whether [Appellant]'s second PCRA petition, asserting the after-discovered evidence of Alvin Nix's statement, met an exception to the PCRA's one-year time-bar . . . .

On September 10, 2015, [Appellant] filed a third, pro se PCRA petition . . . . In that facially untimely petition, [Appellant] maintained that he satisfied the 'new fact' exception to the PCRA's one-year time-bar. Specifically, [Appellant] asserted that he had "received information" that an individual named Ronald Robinson "was with Damion Nix[] when Damion shot Kevin Green." See PCRA Petition, 9/10/15, at 3. [Appellant] further averred that he "sought to have this information either confirmed or denied [b]y Ronald Robinson[,]" and after "[e]xploring all avenues," he finally received "in early September of 2015," an affidavit from Robinson. Id.

Appellant attached Robinson's signed affidavit (dated August 28, 2015) to his petition. Therein, Robinson stated that he and Damion Nix had gone to Frankie's Bar on the night of the shooting and, once inside the bar, Robinson had given Nix one of two guns that Robinson had secreted into the bar. See PCRA Petition, 9/10/15 (Sworn Affidavit of Ronald Robinson). Robinson stated that he and Nix then proceeded to the dance floor, where they saw Kevin Green and "[a]n argument immediately broke out between [Green] and [Nix]." Id. Robinson claimed that he and Nix "both pulled out our guns and started shooting." Id. Robinson explained that after the shooting, he and Nix fled out a back door of the bar and "drove to the Rakin [sic] Bridge," where Robinson "threw both guns into the river." Id.

On October 22, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss [Appellant]'s petition without a hearing, stating only that his petition "is patently frivolous and without support on the record . . . ." Rule 907 Notice, 10/22/15, at 1. [Appellant] filed a pro se response, but on February 1, 2016, the PCRA court issued an order dismissing his petition.

. . . . Appellant ultimately filed his notice of appeal within the time-frame mandated by the PCRA court. It does not appear from the record that the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. However, on September 22, 2016, the PCRA court issued an opinion, the entirety of which stated as follows:

> [Appellant] has appealed this [c]ourt's dismissal of his most recent [PCRA] petition. This court has reviewed the petition and finds that it is time-barred for the same reasons as stated in the attached previous opinion dismissing a prior PCRA.

To this opinion, the court attached its opinion from 2012, in which it explained the basis for its denial of [Appellant's] second PCRA petition, as follows:

> The sole issue on appeal is the allegation of an abuse of discretion in denying the Petition. This [c]ourt, during the evidentiary hearing, heard all of the testimony and observed all of the witnesses and concluded that the testimony of [Appellant], and witness Alvin [N]ix[,] was incredible. A credibility determination adverse to [Appellant] requires dismissal of the Petition and is not an abuse of discretion.

Nelson, 1220 WDA 2016, at *2-4.

On appeal, this Court vacated the PCRA court's order and remanded the matter for the PCRA court to determine whether Appellant's petition was timely. Specifically, we explained:

> In his PCRA petition, [Appellant] invoked the after-discovered fact exception of section 9545(b)(1)(ii). However, the PCRA court never ruled on whether [Appellant] satisfied that exception. Instead, the court improperly dismissed his after-discovered evidence claim on the merits, cursorily deeming it 'frivolous' and unsupported by the record. Additionally, while the court's Rule 1925(a) opinion refers to [Appellant]'s petition as being 'time-barred,' the court relies on the rationale set forth in its 2012 opinion, which made no mention of the timeliness of [Appellant]'s petition.
>
> * * *
>
> Because in this case, we have no factual findings regarding the timeliness of [Appellant's] petition - and, in particular, whether he exercised due diligence - we conclude that it is appropriate to remand this case for the PCRA court to render such findings in the first instance.
>
> Therefore, we vacate the PCRA court's order dismissing [Appellant's] petition and remand for a hearing, at which the PCRA court must first assess the timeliness of [Appellant's] petition. If the court concludes that [Appellant] has met the timeliness exception of section 9545(b)(1)(ii), it must then

- 4 -

determine if Robinson's testimony satisfies the four-pronged test for obtaining a new trial based on after-discovered evidence.

Nelson, 1220 WDA 2016, at *9-10 (emphasis added).

On March 22, 2018, the PCRA court held an evidentiary hearing. See N.T. PCRA Hr'g, 3/22/18. Appellant testified that Alvin Nix alluded to Ronald Robinson's involvement in the shooting at some point after his second PCRA petition, but never directly stated it. Id. at 12-13. Appellant testified that he continued to research who was at the bar on the night of the shooting. Id. He stated that he "had a whiff" of Robinson's involvement in 2015, which prompted him to send a letter to Robinson. Id. at 15. Appellant explained that in his letter, he asked Robinson if he was at the bar on the night of the shooting. Id. He stated that Robinson responded by sending back a signed affidavit implicating himself in the shooting. Id. Appellant testified that the affidavit was dated August 28, 2015, and he filed his third PCRA petition on September 10, 2015. Id. at 11.

Appellant's cousin, Devaughn Northcutt, testified that he received a phone call from Appellant in August or September of 2015. Id. at 5. At that time, Appellant instructed Northcutt to forward a letter from Appellant to Northcutt's cousin, Robinson, who was incarcerated at another state facility. Id. Northcutt testified that he received Appellant's letter "maybe a day later" and immediately forwarded it to Robinson without opening the envelope. Id. He stated that he received a reply letter from Robinson "maybe a week later."

*Id.* at 6. Northcutt stated that he immediately mailed Robinson's letter to Appellant without opening the envelope. *Id.*

Appellant also called Robinson to testify on his behalf. However, at the hearing, Robinson asserted his Fifth Amendment right against self-incrimination and refused to testify. *Id.* at 18.

At the conclusion of the hearing, the PCRA court took the matter under advisement and indicated that it would issue "an order either dismissing the petition or an order granting [Appellant] a new trial." *Id.* at 27. On July 16, 2018, the PCRA court issued an order denying Appellant's petition. *See* PCRA Ct. Order, 7/16/18. The order stated that Appellant's petition was "patently frivolous and without support on the record." *Id.*

Appellant timely filed a counseled notice of appeal on August 9, 2018. On January 7, 2019, counsel filed a Pa.R.A.P. 1925(c) statement of intent to file an Anders/Santiago brief. The PCRA court issued a Rule 1925(a) opinion explaining that it "conducted a complete review of the file, the evidentiary hearing and counsel's submission and finds that the PCRA [petition] was properly dismissed." *Id.* at 2. The PCRA court did not make any factual determinations and did not rule on the timeliness of Appellant's petition.

On appeal, counsel has filed an Anders/Santiago brief identifying issues relating to the timeliness of Appellant's petition and the merits of his underlying claim. Anders/Santiago Brief at 16-17, 19. Counsel notes that although the PCRA court's dismissal "indicates that it found [Appellant's] testimony incredible[,]" the court did not "specifically state that [Appellant's]

petition was untimely. Based on [Appellant's] and Mr. Northcutt's testimony, the [PCRA] court and this Court could determine that [Appellant's] petition is timely." Id. at 18.

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." Commonwealth v. Lawson, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). We grant great deference to the PCRA court's factual findings and we will not disturb them unless they have no support in the record. Commonwealth v. Rigg, 84 A.3d 1080, 1084 (Pa. Super. 2014).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." Commonwealth v. Brown, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Moreover, a petitioner must file his petition within sixty days of the date the claim could have been presented. See 42 Pa.C.S. § 9545(b)(2) (subsequently amended eff. Dec. 24, 2018).

We have explained that "the 'new facts' exception set forth at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered evidence claim." Brown, 111 A.3d at 179. To successfully raise the newly discovered fact exception under section 9545(b)(1)(ii), a petitioner must only establish that: (1) "the facts upon which the claim was predicated were unknown" and (2) the facts "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). We have held that "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." Commonwealth v. Burton, 121 A.3d 1063, 1070 (Pa. Super. 2015). Further, "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." Id. at 1071 (citations omitted).

Here, there is no dispute that Appellant's conviction became final in 2002 and that his instant PCRA petition, filed in 2015, is facially untimely. It is also clear that Appellant raised the newly discovered fact exception in his PCRA petition. Although the PCRA court complied with our order to conduct a hearing, it appears that the PCRA court dismissed Appellant's claim on the merits without considering the threshold question of whether his petition is timely.[3] See PCRA Ct. Op., 1/10/19, at 1.

Because the PCRA court did not make an explicit factual determination on the timeliness of Appellant's petition, it is unclear whether there was jurisdiction to review the merits of Appellant's underlying claim. See Brown, 111 A.3d at 175. Moreover, we are unable to review the PCRA court's determinations for an abuse of discretion or error of law. See Rigg, 84 A.3d at 1084; Lawson, 90 A.3d at 4. Therefore, we must again remand the matter to the trial court for factual findings regarding the timeliness of Appellant's petition and whether he exercised due diligence. See Commonwealth v. Bennett, 930 A.2d 1264, 1274 (Pa. 2007) (stating that a petitioner must

_____

[3] In its Rule 1925(a) opinion, the PCRA court explained that this Court "remanded the matter for essentially a hearing on whether [Appellant] was entitled to a new trial on after-discovered evidence." PCRA Ct. Op., 1/10/19 at 1. However, the prior panel of this Court remanded the matter for the PCRA court determine whether Appellant met the requirements of the "new facts" exception under Section 9545(b)(1)(ii). Only after the PCRA court determines that the exception applies, should it proceed to a merits-based "after-discovered evidence" analysis relevant to Section 9543(a)(2)(vi). See Brown, 111 A.3d at 176 (reiterating that Section 9545(b)(1)(ii) is "an initial jurisdictional threshold" that must be established before a petitioner can present a substantive after-discovered-evidence claim).

"prove that the facts were 'unknown' to him and that he could not uncover them with the exercise of 'due diligence.' Such questions require further fact-finding and the PCRA court, acting as fact finder, should determine whether Appellant met the 'proof' requirement under 42 Pa.C.S. § 9545(b)(1)(ii)."); see also Burton, 121 A.3d at 1070.

On remand, the PCRA court shall file a supplemental Rule 1925(a) opinion within thirty days of this order. We instruct the PCRA court to make a determination on whether Appellant has met the timeliness exception in Section 9545(b)(1)(ii). If the PCRA court concludes that Appellant's petition is untimely, i.e., that Appellant failed to establish jurisdiction under Section 9545(b)(1)(ii), then the court must issue a supplemental opinion setting forth its findings of fact and conclusions of law on that issue. See 42 Pa.C.S. § 9545(b)(1)(ii) (requiring a PCRA petitioner to allege and prove that there were 'facts' that were 'unknown' to him and that he could not have ascertained those facts by the exercise of 'due diligence').

If the PCRA court concludes that Appellant's petition is timely, i.e., that he proved the Section 9545(b)(1)(ii) timeliness exception, then the PCRA court must issue a supplemental opinion setting forth its findings of fact and conclusions of law on that issue. The PCRA court must also set forth its reasons for dismissing Appellant's petition on the merits. See Commonwealth v. Pagan, 950 A.2d 270, 292 (Pa. Super. 2008) (setting forth the four-pronged test for analyzing an after-discovered evidence claim).

In light of the foregoing, we also strike counsel's Anders/Santiago brief and direct counsel, within thirty days of the PCRA court's supplemental opinion, to file a new brief. Upon further review of the record and the supplemental opinion, if counsel finds a meritorious issue, counsel may file an advocate's brief. If counsel concludes that Appellant's issues lack merit, then counsel shall file a petition to withdraw and accompanying brief in compliance with Turner/Finley.[4] The Commonwealth may file a new brief within thirty days of the date Appellant's new brief is served.

Order vacated. Counsel's Anders brief stricken. Case remanded with instructions. Panel jurisdiction retained.

---

[4] We note that Appellant filed a pro se response to counsel Anders brief on May 21, 2019. In light of our disposition, we conclude that Appellant's pro se filing is premature.